IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

L. SHIRLEY HARVEY,
CHRISTOPHER DORSEY,

        Plaintiffs,

v.                                            Case No. 3:12-cv-00650-JAG

JANE KIRK SHOWALTER,
GEORGE WILLIAM THOMAS,
CECELIA DABNEY,
ERNESTO SAMPSON, JR.,
DONALD PALMER,
KIMBERLY BOWERS,
CHARLES JUDD,

        Defendants.

## MEMORANDUM OPINION

THIS MATTER is before the Court on the defendants' motions to dismiss.[1] The Court previously directed the plaintiffs to particularize their complaint in conformance with certain directions, as explained in the Court's Order. (*See* Dk. No. 18.) The Court additionally stated that the plaintiffs' failure to comply strictly with the requirements set forth in that Order would result in dismissal of the action without prejudice. *See* Fed. R. Civ. P. 12. The final day for filing their particularized complaint was November 28, 2012; however, it was filed the following day. Despite their untimely filing, which constitutes independent grounds for dismissal, the Court will consider their complaint on the merits. (*See* Dk. No. 19.)

The Court grants the motions to dismiss because the complaint, even after amendment, fails to state a proper claim under either federal or state law. Moreover, this Court is not

---

[1] The defendants representing the Commonwealth of Virginia and the defendants representing the City of Richmond have filed separate motions.

empowered to order the type of relief that the plaintiffs request, which also makes dismissal necessary.

## I. STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a claim and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). When considering a motion to dismiss, the Court must accept all the complainant's factual allegations as true and resolve factual differences in that party's favor. *See De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991). Nevertheless, the Court need not accept the complainant's legal conclusions or any other unreasonable or unwarranted arguments as true. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008); *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). In addition, the complainant must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" to overcome a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007)); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255–56 (4th Cir. 2009).

The complaint instead "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A complaint containing facts that are merely "consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitle[ment] to relief.'" *Twombly*, 550 U.S. at 557. A claim thus becomes "facially plausible" when the complainant offers "factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 678-79. Assessing whether a claim achieves plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## II. DISCUSSION

The factual allegations contained in the complaint are interwoven throughout the plaintiffs' assorted legal claims. In a nutshell, the plaintiffs claim that the qualification process for public office candidates for the City of Richmond—led by the General Registrar, Jane Kirk Showalter[2]—is deeply flawed and therefore deserves a court-ordered investigation. They offer a variety of theories as to how the system is broken, but none of these theories amounts to a facially plausible claim. Moreover, this Court has no authority to order the defendants to conduct any such investigation. As discussed below, their claims must be dismissed.

### A. Federal Claim

First and foremost, the complaint fails to state a claim under federal law upon which relief may be granted. The closest the plaintiffs get to bringing a federal claim is in the following passage:

> Two other court case decisions concerning discrepancies of the Richmond Registrar have been granted to the plaintiffs Tichi Pinckney-Eppes, U.S. District Court, Case 3-12-CV-00545, and Michael Ryan, in the Richmond Circuit Court, Case 6120032-77, because the Registrar did not properly count names to determine qualification for the ballot. Both cases challenged the Virginia Code disallowing appeal of the Registrar's decision because there was no preclearance by the Justice Department. The State Board of Elections nor the Richmond Electoral Board took any action [*sic*] to allow

---

[2] The remaining defendants are members of either the City of Richmond Electoral Board or the Virginia State Board of Elections. Ms. Showalter is the only defendant whose alleged actions are specifically cited anywhere in the complaint.

3

> investigation into these claims by these plaintiffs. Therefore, both courts were required to intervene so that fairness and equality could be granted. Other candidates were not provided this opportunity.

(Dk. No. 19 at 2–3.)

Indeed, this paragraph contains the only mention of federal law in the entire pleading: Section 5 of the Voting Rights Act of 1965. 42 U.S.C. §§ 1973 *et seq.* The plaintiffs' problem, just as before, is that they fail to cite any change in voting procedures that required Department of Justice preclearance, which is only necessary for changes in practices or procedures affecting voting. *Id.* The plaintiffs have no right under this statute to "investigate" the Voting Rights Act claims brought by other plaintiffs in completely separate cases. Furthermore, they lack standing to bring claims on behalf of "other candidates" generally, unless they also allege some individual injury that they have personally suffered. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (requiring that the party bringing suit to have individually suffered some actual or threatened injury that can fairly be traced to the challenged action of defendant and that the injury is likely to be redressed by a favorable decision); *see also Allen v. Wright*, 468 U.S. 737, 751 (1984); *Valley Forge Christian College v. Americans United*, 454 U.S. 464, 472 (1982). They have not done so. This Court must dismiss their suit due to the lack of a properly stated claim under federal law.

### B. State Claims

The plaintiffs also claim that "the Registrar has either made gross mistakes or deliberately made decisions that are not in accordance with the Virginia State Code 24.2 regarding elections and further noted in the procedures for registrars. . . ." (Dk. No. 19 at 1.) They argue that such "discrepancies" could be avoided through greater oversight but that the

4

plaintiffs' many attempts "to bring about an investigation or review" by the Richmond Electoral Board and the State Board of Elections have been ignored. (*Id.* at 2.) Unfortunately for the plaintiffs, the state law provisions that they cite do not require either local or state election officials to respond to inquiries, or take any other action, simply because individuals harbor suspicions of unfairness in the electoral process. Even if there have been irregularities—which has not been proven—the plaintiffs fail to cite any authority granting them the legal right to petition these electoral bodies for an investigation or to sue them for failing to conduct a review. Many statutes do not create individual rights for average citizens, even when they create duties and responsibilities for public officials.[3] If the plaintiffs do have any individual rights under Va. Code Title 24.2, they have not raised them.[4] And without such rights, their claims against the defendants are clearly insufficient and must be dismissed.

Specifically, the plaintiffs allege seven separate cases of the defendants' failure to oversee (and presumably address) "notable problems concerning qualification for candidates by the Registrar." (Dk. No. 19 at 3–4.) All of these problems have to do with provisions in the State Board of Election's Handbook for General Registrars and Electoral Board Members, which the plaintiffs refer to as the "GREBook." (*See id.*, Ex. I.) Again, even assuming that the

---

[3] The plaintiffs charge, "Those holding the positions who have authority over the Registrar have failed their duties by not responding to complaints and have given permission to the registrar to do whatever she pleases unimpeded in regards to the qualification process." (Dk. No. 19 at 7.) To be clear, the plaintiffs have cited no *legal* duty requiring the defendants to respond to the plaintiffs' complaints. It is not this Court's role to judge whether the defendants should have such a duty or whether they should respond to the plaintiffs in the absence of this duty. The point is simply that the plaintiffs have not identified any law requiring the defendants to do anything for the plaintiffs. As a result, there can be no grounds for a lawsuit.

[4] The plaintiffs cite Va. Code Title 24.2-103(A), which states, "Upon request and at a reasonable charge not to exceed the actual cost incurred, the State Board shall provide to any requesting political party or candidate, within three days of the receipt of the request, copies of any instructions or information provided by the State Board to the local electoral boards and registrars." But they do not claim that the State Board has violated this provision in any way.

Handbook is legally binding on the defendants, none of the provisions identified in the complaint give the plaintiffs a right to sue the defendants. Like various parts of Va. Code Title 24.2, the Handbook may invest parties with powers and create duties for them, without necessarily granting the plaintiffs any legal cause of action as concerned citizens. In fact, the Court's review of the Handbook indicates that it is nothing more than a general guide to candidates and local election officials.

There is no need to go through each of these seven different claims, for a few examples will suffice to illustrate their collective lack of merit. (*See id.* at 4–6.) The first of these allegations involves supposed forgeries and improperly notated signatures in the petition of Richmond Mayor Dwight Jones. The plaintiffs complain that the defendants have failed to comply with Section 10.2.5.7, which covers verification of signatures. At the motion to dismiss stage, the Court is required to assume the truth of the plaintiffs' allegations. That said, even if a particular candidate's petition does contain illegitimate signatures, the plaintiffs offer no legal authority giving them a right to sue the defendants on this basis.

The plaintiffs next claim that there is an inconsistency in the address listed for "Douglas Connor, Ninth District City Council Candidate." This inconsistency apparently violates Section 10.2.5.2, which has to do only with page numbering for petitions, and Section 10.2.3.1, which requires the general registrar to verify certain information in a "Certificate of Candidate Qualification." These provisions similarly say nothing about an individual's right to sue public officials due to a supposedly incorrect address in a candidate's petition.

In their third claim, the plaintiffs argue that Ms. Showalter withheld public records in violation of Va. Code Title 24.2-107, which requires that "records of the board shall be open to

public inspection whenever the general registrar's office is open for business either at the office of the board or the office of the general registrar." (*See* Dk. No. 19 at 4–5.) The records specifically sought were the petitions for Jonathan Baliles, a candidate for City Council from the First District. But the affidavit that the plaintiffs offer in support of this claim completely undercuts their basic factual allegation and shows that they did not suffer any injury giving rise to a legal claim. This affidavit from Mr. Luis Pantophlet, another local election candidate, reveals that he was actually able to review all of Mr. Baliles' petitions that had been processed. (*See id.*, Ex. III at 2.) Thus, not only does the claim lack an adequate factual basis, *Iqbal*, 556 U.S. at 678, but it also fails because the plaintiffs cannot piggyback on Mr. Pantophlet's supposed denial of access to public records. *See Lujan*, 504 U.S. at 560–61.

The remaining claims all suffer from the same fundamental defect: each one seeks an investigation based on alleged violations of either Va. Code Title 24.2 or the GREBook (or, in a couple cases, without citing any legal authority whatsoever). The plaintiffs do not, however, show that they have any individual rights that have been violated under these laws and regulations.

### III. CONCLUSION

It is essential to emphasize that all of the foregoing statements are legal conclusions. They are in no way intended to suggest that the Court considers a fair and efficient electoral system insignificant or unworthy of attention. Indeed, any actual evidence of wrongdoing should be considered by the appropriate authorities. But this Court's role is not to hear general grievances from concerned citizens. Rather, its role is to consider claims that have an adequate legal foundation and—more importantly in this case—entitle the plaintiffs to some kind of relief.

The plaintiffs have failed to allege that any of their legal rights have been violated. Furthermore, this Court cannot fashion whatever form of relief it considers most appropriate; it can only grant forms of relief permitted by law. An investigation of the City of Richmond Electoral Board is beyond this Court's reach. In sum, the plaintiffs do not bring claims upon which relief may be granted, and dismissal is the necessary outcome.

The Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and oral argument will not aid the decisional process.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record and the plaintiffs.

Date: December 3, 2012
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge